# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADLER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GONZALEZ, et al.,<br><br>　　　　　Defendants. | Case No. 1:13-cv-01867-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS CASE FOR FAILURE TO OBEY A COURT ORDER**<br><br>**(Docs. 34, 36, 37)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

　　　　Plaintiff Brent Adler, a former state prisoner who is proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 18, 2013. This action for damages is proceeding against Defendants Gonzalez, Holland, Steadman, Bryant, Zanchi, Lundy, and Schuyler for violating Plaintiff's right to adequate outdoor exercise under the Eighth Amendment of the United States Constitution while he was incarcerated at California Correctional Institution in Tehachapi between 2008 and 2011.

　　　　On March 30, 2016, Defendants filed a motion for summary judgment. (Doc. 34.) On March 31, 2016, the Second Informational Order issued informing Plaintiff of the requirements to oppose a motion for summary judgment and that he must file an opposition or statement of non-opposition within twenty-one days. (Doc. 36.)

　　　　More than a month passed without Plaintiff having filed an opposition, a statement of non-opposition, or any response to Defendants' motion for summary judgment or to this Court's order of March 31, 2016. Accordingly, on May 5, 2016, Plaintiff was ordered to file an opposition or

1

statement of non-opposition to Defendants' motion for summary judgment within twenty-one days. (Doc. 37.) More than a month has now lapsed and Plaintiff has not complied with the May 5, 2016 order.

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address*); Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542

F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein.  Finally, a Court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement.  *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone*, 833 at 132-33; *Henderson*, 779 F.2d at 1424.  The Court's order requiring Plaintiff to file an opposition or statement of non-opposition to Defendants' motion for summary judgment expressly stated in bold that "Plaintiff is warned that the failure to comply with this order will result in recommendation that this action be dismissed, with prejudice, for failure to prosecute and for failure to obey a court order." (Doc. 37.)  Thus, Plaintiff had adequate warning that dismissal may result from his noncompliance with the Court's order.

Accordingly, the Court HEREBY RECOMMENDS that this action be dismissed with prejudice based on Plaintiff's failure to obey the Court's order of May 5, 2016, (Doc. 37).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **June 19, 2016**          /s/ *Sheila K. Oberto*
                                                        UNITED STATES MAGISTRATE JUDGE